UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MAZIE JACKSON,
                 Plaintiff,

   -against-

THE CITY OF NEW YORK, and
GEORGE TEN-POW
                Defendants
------------------------------------------------------------X

PETITION FOR REMOVAL

Civil Action No.



      Defendant GEORGE TEN-POW by THE LAW OFFICE OF MAURICE DEAN WILLIAMS in the above-entitled lawsuit, desiring to exercise his right to removal pursuant to 28 U.S.C. §1441 and §1446, as amended by the Judicial Improvements and Access to Justice Acts §1016 (HR 4807), states as follows:

    1.    This lawsuit was commenced by plaintiff against the defendants in the Supreme Court of the State of New York, County of Kings. Plaintiff seeks damages in the amount of $10,000,000, exclusive of costs and disbursements. Plaintiff's causes of action sound in negligence against the various defendants. Copies of plaintiffs Summons and Complaint are annexed, as Exhibit 'A.

    2.    This is a suit of civil nature which this United States District Court has original jurisdiction by reason of the diversity of citizenship of the patties pursuant to 28 U.S.C. § 1332

    3.    Annexed hereto as Exhibit "A" is a copy of plaintiffs Summons wherein plaintiff alleges that he is Citizen of the State of New York residing in Kings County.

    4.    Annexed hereto as Exhibit "B" is a copy Defendant GEORGE TEN-POW'S State of Florida issued Drivers License and also attached is hereto as Exhibit "C"

is a copy of the envelop used in an effort to effect service of process on defendant GEORGE TEN-POW at his place of residence in the State of Florida.

5. The amount in dispute in this lawsuit exceeds the sum of $50,000 exclusive of interest and costs.

WHEREFORE, defendant GEORGE TEN-POW requests that this case be removed to the United States District Court, Eastern District of New York, together with such other and further relief as to this Court may seem just, proper and equitable.

Dated: Bronx, New York
January 29, 2007

Law Office Of Maurice Dean Williams

By: _____
Maurice Dean Williams
For the Firm
Law Office Of Maurice Dean Williams
Attorney for Defendant
GEORGE TEN-POW
3101 Eastchester Road
Bronx, NY 10469
Tel. (718) 785-4167
Fax. (718) 785-4121

To: William J. Rita, Esq.,
Attorneys for Plaintiff
291 Broadway, Suite 1006
New York, NY 10007
(212)766-1001
Fax (212) 608-6802

Michael A. Cardozo, Esq.
Corporation Counsel
The City Of New York
100 Church Street,
New York, NY 10007

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Petition for Removal was mailed by first class mail, postage prepaid this January 31, 2007 to all counsel of record as indicated on the service list below.

Law Office Of Maurice Dean Williams

By: _____
Maurice Dean Williams
For the Firm
Law Office Of Maurice Dean Williams
Attorney for Defendant
GEORGE TEN-POW
3101 Eastchester Road
Bronx, NY 10469
Tel. (718) 785-4167
Fax. (718) 785-4121


To: William J. Rita, Esq.,
Attorneys for Plaintiff
291 Broadway, Suite 1006
New York, NY 10007
(212) 766-1001
Fax (212) 608-6802


Michael A. Cardozo, Esq.
Corporation Counsel
The City Of New York
100 Church Street,
New York, NY 10007

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.: 115039/05
Date Purchased: 10/27/05

-----------------------------------------X

MAZIE JACKSON,

                Plaintiff,

-against-

THE CITY OF NEW YORK and
GEORGE TEN-POW,

                Defendants.

-----------------------------------------X

Plaintiff Designates:
NEW YORK COUNTY

The basis of Venue is:
Plaintiff's residence

**SUMMONS**

Plaintiff resides at
1992 Madison Avenue, #2
New York, NY 10035

To the above named Defendants:

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve notice of appearance on the Plaintiffs' Attorney(s) within 20 days after service of this summons, exclusive of the day of service (or within 30 days after the service is complete is this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

    The signature certifies that to the best of the certified's knowledge the statements in the paper are correct.

Dated: New York, New York
       October 21, 2005

Defendants' Addresses:

The City of New York
One Centre Street
New York, NY 10007

George Ten-Pow
1992 Madison Avenue
New York, NY 10035

Yours, etc.,

William J. Rita, Esq.
Attorney for the Plaintiff
Office and P.O. Address
291 Broadway, Suite 1006
New York, New York 10007
(212) 766-1001

*[Stamp: CITY OF N.Y. LAW DEPART. OFFICE OF CORP. COUNSEL COMMUNICATIONS SECTION 2005 NOV 3 PM]*

*[Stamp: NEW YORK COUNTY CLERK'S OFFICE OCT 27 2005 NOT COMPARED WITH COPY FILED]*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------X

MAZIE JACKSON

                Plaintiff,            **VERIFIED COMPLAINT**

-against-

                                            Index No:

THE CITY OF NEW YORK and
GEORGE TEN-POW

                Defendants.
-----------------------------------------------------------X

    Plaintiff, MAZIE JACKSON, by his attorney, WILLIAM J. RITZ, ESQ., hereby sets forth and alleges, upon information and belief, as follows:

1. That, at all times hereinafter mentioned, and on August 27, 2005, the plaintiff MAZIE JACKSON was and still is a resident of the County, City and State of New York.

2. That, at all times hereinafter mentioned, and on August 27, 2005, the defendant THE CITY OF NEW YORK was and still is a domestic municipal corporation duly organized and existing under the laws of the State of New York.

3. That, at all times hereinafter mentioned, and on August 27, 2005, the defendant GEORGE TEN-POW was and still is a resident of the County, City and State of New York.

4. That a Notice of Claim was duly served upon the defendant THE CITY OF NEW YORK on or about September 30, 2005.

5. That, all the conditions precedent to the commencement of the within action against the defendant have been complied with; that the plaintiff, MAZIE

JACKSON, having duly served a Notice of Claim and intention to sue upon the defendant, THE CITY OF NEW YORK, on or about September 30, 2005, within ninety (90) days of the date that the within cause of action having been caused to accrue; and that this action is being commenced herewith within one (1) year and ninety (90) days of the date that the within cause of action having been caused to accrue.

6. That the plaintiff, MAZIE JACKSON, has complied with the conditions precedent to the commencement of the within action, including the appropriate provisions of all laws that were relevant and pertinent.

7. That since the presentment of said Notices of Claim and intention to sue to defendant, THE CITY OF NEW YORK, said defendant has failed and neglected to make any adjustment of the within claim or to schedule a statutory hearing and has disallowed plaintiff's claim.

8. That, on August 27, 2005, there existed a sidewalk adjacent to real property and premises commonly known as 1992 Madison Avenue, in the County, City and State of New York.

9. That, at all times hereinafter mentioned, and on August 27, 2005, and for some time prior thereto, defendant THE CITY OF NEW YORK owned the sidewalk in front of real property and premises commonly known as 1992 Madison Avenue, in the County, City and State of New York.

10. That, at all times hereinafter mentioned, and on August 27, 2005, and for some time prior thereto, defendant THE CITY OF NEW YORK operated, maintained, controlled and supervised the sidewalk at the aforementioned location.

11. That, at all times hereinafter mentioned, and on August 27, 2005, and for some time prior thereto, defendant GEORGE TEN-POW owned the sidewalk in front of real property and premises commonly known as 952 Third Avenue, in the County, City and State of New York.

12. That, at all times hereinafter mentioned, and on August 27, 2005, and for some time prior thereto, defendant GEORGE TEN-POW operated, maintained, controlled and supervised the sidewalk at the aforementioned location.

13. That, at all times hereinafter mentioned, and on August 27, 2005, and for some time prior thereto, the aforementioned sidewalk was allowed to remain in a dangerous, defective and unsafe condition, containing cracks, holes, breaks, depressions, raised concrete, gaps and ridges thereon.

14. That, at all times hereinafter mentioned, and on August 27, 2005 and for some time prior thereto, the defendants, their agents, servants and/or employees had actual and/or constructive knowledge of the aforementioned dangerous, defective and unsafe condition of the aforementioned sidewalk.

15. That, at all times hereinafter mentioned and on August 27, 2005, the defendants had a duty to properly supervise and maintain the aforementioned sidewalk.

16. That the defendants, their agents, servants and/or employees failed to adequately provide a secure and safe premises and safe overall maintenance of the aforementioned sidewalk.

17. That, the defendants, their agents, servants and/or employees knew or should have known of the aforementioned dangerous, defective and unsafe condition.

18. That, upon information and belief, the defendants, their agents, servants and/or employees, created or permitted to remain for an unreasonable length of time the aforementioned dangerous, defective and unsafe condition of the aforementioned sidewalk.

19. That, on August 27, 2005, the plaintiff, MAZIE JACKSON, was lawfully present at the aforementioned location.

20. That, on August 27, 2005, while the plaintiff, MAZIE JACKSON, was walking on the sidewalk at the aforementioned location, she was caused to trip and fall, and to suffer serious injuries, including but not limited to a left radius fracture, due to the dangerous, defective and unsafe condition of the sidewalk at the aforementioned location.

21. That, the aforementioned accident and resulting injuries to the plaintiff, MAZIE JACKSON, were caused wholly and solely due to the negligence, carelessness and recklessness of the defendants, their agents, servants and/or employees, in the ownership, operation, maintenance and control of the aforementioned location and without any negligence on the part of the plaintiff, MAZIE JACKSON, contributing thereto.

22. That by reason of the foregoing, the plaintiff, MAZIE JACKSON, was injured; was rendered sick, sore, lame and disabled; was caused to undergo hospital and medical treatment and advice, including surgery; was unable to pursue her usual and regular activities; and upon information and belief, her injuries are permanent in nature and effect.

23. That this action falls within one or more of the exceptions as set forth in CPLR Section 1602.

24. That by reason of the foregoing, the plaintiff, MAZIE JACKSON, has sustained damages in an amount in excess of the jurisdictional limits of all of the lower courts of the State of New York.

WHEREFORE, plaintiff MAZIE JACKSON demands judgment against the defendants in an amount in excess of the jurisdictional limits of all of the lower courts of the State of New York, together with costs and disbursements.

Dated: New York, New York
October 21, 2005

Yours etc.,

WILLIAM J. RITA, ESQ.
Attorneys for Plaintiff
291 Broadway, Suite 1006
New York, NY 10007
(212) 766-1001

EXHIBIT B



# EXHIBIT C

