

The Law Office of

# Maurice Dean Williams

**ATTORNEY AT LAW**

3101 Eastchester Road
Bronx, NY 10469

e-mail
maurice.williams@gmail.com

telephone
718.785.4167
facsimile
718.785.4121

June 19, 2007

Judge Ramon E. Reyes, Jr.
U. S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       **Re: Mazie Jackson v. The City Of New York and George Tenpow**
       **Index No: CV-519-07**

Dear Judge Reyes:

    Further to your request for an explanation detailing whether the Notice of Removal pursuant to 28 U.S.C.1332 was timely and properly filed, and why this case was removed from the Supreme Court of the State of New York, New York County and filed in the Eastern District Court of New York jurisdiction rather than in the Southern District of New York, Please note the following:

## Facts and Procedural History

    The above referenced case was first commenced in the Supreme Court of the State of New York, New York County, by Summons and Complaint filed on or about December 23, 2005. Defendant George Tenpow, who resides in the State of Florida, first learned of this action on or about July 31, 2006 when he received a facsimile copy of the Summons and Complaint from the plaintiff's attorney.

    On September 27, 2006, a motion to set aside a default judgment entered on behalf of the plaintiff was granted in favor of defendant Tenpow, and defendant Tenpow was allowed to submit an answer thereby preserving the affirmative defenses which were raised in his answer.

    Defendant Tenpow in his answer to the Summons and Complaint properly raised the affirmative defense of lack of personal jurisdiction.

1

Defendant Tenpow's lack of personal jurisdiction claim is based on the fact that he was never personally served. This fact is confirmed in the affidavit of service filed in Supreme Court of the State of New York by plaintiff. Furthermore, the affidavit of service indicates that service was effected using the nail and mail method on or about December 17, 2005, notwithstanding the fact that the property was deeded to Steiner Properties, LLC, on or about October 4, 2005. Since defendant Tenpow does not now nor has he ever had any possessory interest in Steiner Properties, LLC, service on him could not have been properly effected because and as indicated above he has been residing in the State of Florida continuously prior to the commencement of this action, and he continues to reside in the State Of Florida.

On February 6, 2007 a petition for removal to the Eastern District of New York was duly filed and served on plaintiff Mazie Jackson and also on co-defendant The City of New York. To date no opposition to the notice of removal to the Eastern District has been served on defendant Tenpow.

On or about April 4, 2007 defendant Tenpow by and through his attorneys contacted the Eastern District of New York to inquire whether this action needed to be transferred to the Southern District of New York based on the fact that the plaintiff resides in the Southern District and also based on the fact that the real property in question is located in the Southern District. Upon speaking with court personnel from Judge Glasser's chambers, counsel was led to believe that the matter of venue was discretionary and that the case was properly transferred to the Eastern District and that no further action was needed by counsel.

### Applicable Law

Pursuant to 28 USC § 1441 any civil action brought in a state court over which the federal district courts have original jurisdiction may be removed. Whether removal is appropriate depends on whether the case, or portions of it, originally could have been filed in federal court, In re Worldcom, Inc. Secs. Litig. 293 BR 308 (SDNY 2003).

A fraudulently joined defendant cannot defeat removal and will be disregarded for diversity purposes if there is no possibility that a plaintiff can state a cause of action against the non-diverse defendant in state court, Pampillonia v. RJR Nabisco, Inc. 138 F3d 459, 461 (2d Cir 1998). It is the contention of defendant Tenpow that defendant The City of New York was fraudulently joined by the plaintiffs herein in order to circumvent the jurisdiction of the federal court system.

Furthermore, the jurisdiction of the federal court attaches once the notice of removal is filed, Berberian v. Gibney, 514 F2d 790, 792 (1st Cir 1975). A case is automatically removed on filing the notice of removal in both federal and state courts even if the notice is defective, Tarbell v. Jacobs, 856 FSupp 101 (NDNY 1994). As indicated above this removal was properly effectuated on February 6, 2007.

Pursuant to 28 USC § 1447(c) plaintiff must make a motion to remand on the basis of any defect other than the lack of subject matter jurisdiction within 30 days after defendant files the notice of removal. Additionally, procedural defects are deemed waived if plaintiff fails to raise them in a timely motion to remand. After the 30-day period prescribed in 28 USC § 1447(c) has expired, the court has no power to remand based on a procedural defect, In re Bethesda Memorial Hospital, 123 F3d 1407 (11th Cir 1997); Barnett v. Turner Constr. Co. WL 329055(SDNY Feb. 13, 2003). As previously indicated removal was accomplished

on February 6, 2007. Hence, plaintiff has by reason of her own delay forfeited the right to remand the case to state court based on any conceivable procedural.

Pursuant to 28 U.S.C.A. § 1391, if the court derives its authority because the plaintiffs and defendants are residents of different states, then the proper venue is the judicial district where all the plaintiffs or all the defendants reside or the district where the claim arose. The courts have consistently held that the determination of the proper venue is a discretionary issue to be determined on a case by case basis.

Because of the proximity of the Southern and Eastern Districts neither party will be severely prejudiced nor will any party be unduly burdened, should this court in its discretion decide to hear this case. Additionally, a decision by this court to hear this matter will not only conserve judicial time and economy but will result in substantial savings of time and litigation expenses for all parties involved.

However, should this case be remanded to New York State Supreme Court defendant Tenpow will be deprived of the impartiality of this Federal Court and he stands the risk of being treated unfairly because of his being a resident of the State of Florida.

This is clearly a situation which warrants the use of this courts discretion to maintain jurisdiction over this case and defendant Tenpow hereby respectfully requests that this court in its discretion allow this case to proceed in the Eastern District of New York in light of all the factors raised above.

Sincerely,

Maurice Dean Williams, Esq.

Cc:   William J. Rita, Esq.
      291 Broadway, Suite 10006
      New York, New York 10007

      Michael A. Cardozo, Esq.
      Corporation Counsel
      The City of New York
      100 Church Street,
      New York, NY 10007

3