UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MAZIE JACKSON,

                Plaintiff,

- against -

THE CITY OF NEW YORK, and
GEOREGE TEN-POW,

                Defendants.
-------------------------------------------------------X

**MEMORANDUM & ORDER**

**07-CV-519 (ILG) (RER)**

**RAMON E. REYES, JR., U.S.M.J.:**

    On February 6, 2007, this personal injury action was removed from New York State Supreme Court, New York County, ostensibly pursuant to 28 U.S.C. §§ 1441 and 1446. Notice of Removal ¶ 1. Plaintiff, a resident of New York, seeks damages for injuries she sustained when she tripped and fell on the sidewalk outside a building in New York County allegedly owned by defendant George Ten-Pow, a resident of Florida. The underlying action was commenced in state court on or about October 26, 2005, nearly sixteen months before it was removed to federal court.

    At the initial conference on June 6, 2007, the Court raised with the parties whether the action was properly removed from state court, and if so, whether venue was proper in the Eastern District of New York. A schedule for the parties to brief the issues was set. Having reviewed the parties briefs, I find that the action should be transferred to the United States District Court for the Southern District of New York.[1]

---

[1] At the outset, I note that a magistrate judge has the authority to enter an order transferring a case to another district court or remanding a case to state court. *E.g., Meier v. Premier Wine & Spirits, Inc.*, 371 F. Supp. 2d 239, 241-44 (E.D.N.Y. 2005).

Plaintiff originally filed this case in New York County, which is in the Southern District of New York. Cases may be removed from state court only "to the [federal] district court . . . for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Defendant, therefore, should have removed this case to the Southern District of New York.[2] Removal of an action to an improper district is not a jurisdictional defect, but is "akin to an improper venue situation." *Mortensen v. Wheel Horse Prods., Inc.*, 772 F. Supp. 85, 89 (N.D.N.Y. 1991); *accord* Kreimerman v. Casa Veerkamp, S.A. de C.V., 22 F.3d 634, 645 (5th Cir.1994) (removal of case to wrong division of judicial district is akin to improper venue situation). An improper designation of venue may be remedied by transferring the action to the proper district. *See* 28 U.S.C. §§ 1404(a), 1406(a); *see also MBL Life Assurance Corp. v. Lampert Plans, Inc.*, No. 96 Civ. 3832, 1996 WL 494900, at *1 (S.D.N.Y. Aug. 30, 1996); *Ullah v. Federal Deposit Ins. Corp.*, 852 F. Supp. 218, 219 (S.D.N.Y. 1994).

Nowhere in Ten-Pow's brief does he establish that removal to this Court, as opposed to the Southern District of New York, was proper under 28 U.S.C. § 1441. Rather, Ten-Pow argues that "[b]ecause of the proximity of the Southern and Eastern Districts neither party will be severely prejudiced nor will any party be unduly burdened, should this court in its discretion decide to hear the case." Docket Entry 4, at p. 3. Ten-Pow argues further that "a decision by this court to hear this matter will not only conserve judicial time and economy but will result in substantial savings of time and litigation expenses for all parties involved." These arguments are

---

[2] In his notice of removal, defendant George Ten-Pow incorrectly states that the action was removed from the Supreme Court of Kings County, which is within the Eastern District of New York. *See* Notice of Removal ¶ 1. The underlying summons and complaint, however, clearly establish that the action was commenced in Supreme Court, New York County. *Id.*, Exhibit A.

misplaced, as they do not address the underlying deficiency in the notice of removal. Ten-Pow's counsel has never explained why the action was removed to this Court as opposed to the Southern District of New York. Further, I do not agree with Ten-Pow's judicial efficiency argument. As discovery has yet to commence, and there has been only one conference before this Court, very little in the way of time or judicial economy will be lost were the case transferred to the Southern District of New York. More importantly, there is absolutely no nexus between this Court and the parties, the cause of action, or anything else related to this matter. Thus, this action should be transferred to the Southern District of New York.[3]

## CONCLUSION

Accordingly, the Clerk of the Court is directed forthwith to transfer this action to the United States District Court for the Southern District of New York.

**Dated: Brooklyn, New York**
       **June 28, 2007**

*Ramon E. Reyes, Jr.*
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**

---

[3] Ten-Pow also argues that the Court lacks the authority to remand the matter to state court because the Court has subject matter jurisdiction over the action and plaintiff did not seek a remand within 30 days of the removal. I agree. Under 28 U.S.C. § 1447(c), to avoid waiver of any procedural defects in the notice of removal, a motion for remand must be filed within thirty days of the filing of the notice of removal. *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643-44 (2d Cir. 1993). This deadline, while not jurisdictional, is plainly mandatory. *See* 28 U.S.C. § 1447(c). Absent claims of the lack of subject matter jurisdiction or equitable tolling of the 30-day period, courts generally deny motions to remand made after the 30-day period. *E.g.*, *Advantage Title Agency, Inc. v. Rosen,* 297 F. Supp. 2d 536, 540 (E.D.N.Y. 2003). There appears to be no dispute that the City of New York is not a proper party to this action as by statute it is no longer liable for defects in sidewalks adjacent to residential properties; thus, the federal courts have diversity jurisdiction over this matter. Also, there have been no claims of equitable tolling. A remand to state court, therefore would be inappropriate as the issue was not raised within 30 days of the removal. Of course, the Court remains free to *transfer* an improperly removed case even outside the 30-day period.